EXHIBIT B

STATE OF RHODE ISLAND SUPERIOR COURT
WASHINGTON, SC.

CHERYL BOUFFARD, As
Administratrix of the Estate of
SHARON JORDAN

VS. C.A. NO.: 05-0046

ST. PAUL TRAVELERS COMPANIES, INC.,
CORONA U.S.A. CORP.,
CORONA CORPORATION and
ABC CORPORATION, ALIAS

**AMENDED COMPLAINT**

1. The plaintiff, Cheryl Bouffard, is the sister of the late Sharon Jordan and is the lawfully appointed Administratrix of the Estate of Sharon Jordan. Cheryl Bouffard's appointment as Administratrix was made by and through the Narragansett Probate Court on April 12, 2002.

2. The St. Paul Travelers Companies, Inc. provides commercial property-casualty insurance, is headquartered in Saint Paul, Minnesota and is, at all times pertinent hereto, the liability insurance company for Ames Department Store, Inc. The St. Paul Travelers Companies, Inc. is a party defendant in this action by and through Rhode Island General Laws § 27-7-2.4, in that the insurance company's insured, Ames Department Stores, Inc., (hereinafter "Ames") had filed for Chapter 11 bankruptcy on August 20, 2001 in Southern District of New York.

3. Corona U.S.A. Corp. is a foreign corporation with a principal office located in the State of New Jersey. Corona U.S.A. Corp. has sufficient minimum contacts with the State of Rhode Island for this Honorable Court to exercise personal jurisdiction over it.

4. Corona Corporation is a publicly traded Japanese corporation that has sufficient contacts with the State of Rhode Island for this court to exercise personal jurisdiction over it. The United States and Japan are signatories to the Hague Service Convention.

5. ABC Corporation is an alias corporation the plaintiff alleges has the sufficient contacts with the State of Rhode Island for this court to exercise personal jurisdiction over it.

**FACTS**

6. On or about January 27, 2002 the plaintiff decedent, Sharon Jordan, was a resident of the Town of Narragansett, State of Rhode Island. On the aforementioned date, Ms. Jordan purchased at Ames located in Narragansett, Rhode Island, a Corona portable kerosene heater 23-DK.

7. The Corona portable kerosene heater 23-DK was sold to the plaintiff decedent by Ames. Defendant, St. Paul Travelers Insurance Company's insured Ames by and through an acquisition or merger in March of 2004 with Travelers Property Casualty Corp. Prior to the January 27, 2002 sale, Ames, the defendant insurance company's insured, filed bankruptcy proceedings on August 20, 2001..

8. The Corona portable kerosene heater 23-DK was distributed within the United States and, most particularly in the State of Rhode Island, by Corona U.S.A. Corporation with a principal place of business located at 2050 Center Avenue in Fort Lee, New Jersey.

9. The Corona portable kerosene heater 23-DK was manufactured by Corona Corporation, a Japanese Corporation, or ABC Corporation, Alias, who at all times made and distributed into the stream of commerce the aforesaid kerosene heater with intentions that said heater would be sold in, among other places, the State of Rhode Island.

10. On or about January 27, 2002 the plaintiff decedent operated the Corona portable kerosene heater 23-DK that she had purchased from Ames. The plaintiff decedent was at all times in the exercise of due care.

11. The engagement of the Corona portable kerosene heater 23-DK malfunctioned, causing a fire in the plaintiff decedent's leased apartment, causing her to sustain serious bodily injuries which ultimately and proximately lead to her death.

12. The defendant, Corona Corporation and/or ABC Corporation, Alias, manufactured, designed, assembled, tested and supplied the Corona portable kerosene heater 23-DK. Said defendant placed the kerosene heater 23-DK in the stream of commerce knowing that it would be sold in Rhode Island.

13. The defendant, Corona U.S.A. Corp., distributed the Corona portable kerosene heater 23-DK in Rhode Island.

14. The defendant insurance company's insured, Ames, sold and marketed the Corona portable kerosene heater 23-DK to the plaintiff decedent.

## COUNT I

15. The plaintiff realleges and incorporates by reference paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. At the time of the incident described in this Complaint, the Corona portable kerosene heater 23-DK was in a defective condition in that the kerosene heater caused a fire to engage in the plaintiff decedent's apartment.

17. At the time of the incident described in this Complaint, the Corona portable kerosene heater was being used for the purpose for which it was intended and in a manner that was reasonably foreseen by the defendants.

18. At the time of the incident described in this Complaint, the Corona portable kerosene heater was defective and unreasonably dangerous for the following reasons: a.) the defendants did not reasonably apprise the plaintiff's decedent of the necessity, for safety purposes, of affixing to the heater, a heater base; b.) the defendants did not sell the kerosene heater with the heater base already attached to it; c.) the defendants did not sell, distribute and manufacture the heater in a manner that made it impossible to ignite said heater without the base already being affixed to it; d.) the defendants sold, distributed and manufactured the kerosene heater by

affixing to the base screws that were unreasonably tight and difficult to remove, thereby preventing the base from being attached to the rest of the unit.

19. It was reasonably foreseeable to the defendants that its failure to properly design, manufacture, test, assemble and failure to warn the plaintiff's decedent of unreasonably dangerous conditions inherent in the kerosene heater would subject the plaintiff decedent to a risk of harm.

20. As a direct and proximate result of the defective and unreasonably dangerous condition of the kerosene heater, the plaintiff decedent sustained injuries, incurred intense pain and suffering, incurred medical expenses and lost wages from the date of the January 27, 2002 fire until her death on March 7, 2002.

21. Pursuant to R.I.G.L. § 10-7-5 through § 10-7-7, the plaintiff seeks compensation for her decedent's lost wages, medical expenses and pain and suffering incurred from the date of the fire until the date of the plaintiff decedent's death.

22. Plaintiff also seeks compensation pursuant to R.I.G.L. § 10-7-2, wrongful death damages, due to the defendants' responsibility for their failure to properly design, manufacture, test and assemble the kerosene heater and said defendants' failure to properly warn the plaintiff decedent of reasonable risks of harm from operating the kerosene heater.

**<u>COUNT II</u>**

23. The plaintiff realleges and incorporates by reference paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. The defendants breached their warranty to the plaintiff decedent to design, manufacture, test and assemble the kerosene heater in a proper and workmanlike manner; breached its implied warranties of merchantability and fitness for use; and they breached any and all warranties, expressed or implied, by properly failing to design, assemble, test and

manufacture the kerosene heater which resulted in injuries sustained to the plaintiff decedent and her ultimate death on or about March 7, 2002.

25. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff decedent sustained severe personal injuries which ultimately and proximately resulted in her death on or about March 7, 2002.

26. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff decedent, before her death, experienced intense pain and suffering, incurred medical and hospital expenses and lost wages.

27. The plaintiff Administratrix on behalf of the plaintiff decedent's estate seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through § 10-7-7.

28. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff, in her capacity as Administratrix, seeks damages on behalf of the plaintiff decedent's beneficiaries for wrongful death damages pursuant to R.I.G.L. § 10-7-2.

**COUNT III**

29. The plaintiff realleges and incorporates by reference paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. The defendants breached their duty to the plaintiff decedent, Sharon Jordan, to exercise reasonable care and professional skill by negligently designing, manufacturing, assembling, testing and providing warnings with regard to the kerosene heater which proximately caused a fire to occur which resulted in serious personal injury to the plaintiff decedent and her eventual death.

31. The defendants knew or should have known that such design, manufacture, assembly, testing and warning with regard to the kerosene heater was negligent, inadequate, unsafe, dangerous and defective and that the proximate cause of the defendant's negligence was serious injury sustained by the plaintiff decedent in a fire and her eventual death.

32. As a direct and proximate result of the negligence of the defendants, the plaintiff decedent, Sharon Jordan, was seriously injured and eventually died as a result of her injuries. After her injury and before her death she experienced intense pain and suffering, incurred medical expenses and lost wages. The plaintiff in her capacity as the Administratrix of the Estate of Sharon Jordan seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through § 10-7-7.

33. As a direct and proximate result of the negligence of the defendants, the plaintiff decedent, Sharon Jordan, eventually succumbed to her injuries and has sustained damages to which her beneficiaries are entitled pursuant to R.I.G.L. § 10-7-2.

**COUNT IV**

34. The plaintiff realleges and incorporates by reference paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. While the plaintiff decedent, Sharon Jordan, was using the kerosene heater and was in close proximity to it, the heater caused a fire which burned the plaintiff decedent, caused her to sustain serious injury and eventually die due to said injuries.

36. The aforementioned incident was not contributed to, in any manner, by a voluntary act of the plaintiff decedent.

37. The incident as described above, would not ordinarily have occurred except as a result of negligence in the design, manufacture, assembly, testing and/or failure to warn of the percolator of the kerosene heater.

38. As a direct and proximate result of the defective design, manufacture, assembly, testing and failure to warn with regard to the kerosene heater, the plaintiff decedent sustained severe injuries which caused her to experience intense pain and suffering, incur medical expenses and lose wages between the date of her injury and the date of her death. The plaintiff seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through R.I.G.L. § 10-7-7.

39. As a direct and further result of the defective design, manufacture, assembly, testing and failure to warn with regard to the kerosene heater, the plaintiff decedent, Sharon Jordan, died of her injuries and her beneficiaries seek compensation for the plaintiff decedent's wrongful death pursuant to R.I.G.L. § 10-7-2.

WHEREFORE, the plaintiff demands judgment against all of the defendants, plus costs. The plaintiff asserts that the monetary sum sought herein confers subject matter jurisdiction upon this court.

CHERYL BOUFFARD, As
Administratrix of the Estate of
SHARON JORDAN,
BY HER ATTORNEYS,

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

Anthony Caprio/dlm

ANTHONY CAPRIO, ESQ. - # 3149
CAPRIO & CAPRIO
ONE CENTER PLACE
PROVIDENCE, RI 02903
(401) 861-6200 – Telephone
(401) 751-2495 – Fax

THE PLAINTIFF REQUESTS A TRIAL BY JURY.

Anthony Caprio/dlm

DATED: JANUARY 24, 2005