STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS PAGE 1
RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 03/07/2005
SUPERIOR COURT CIVIL INFORMATION SYSTEM

DOCKET EVENT LISTING

CASE NO.: WC2005 0046 TYPE WRONGFUL DEATH
TITLE: CHERYL BOUFFARD ADMINISTRATOR V ST PAUL TRAVELERS INSURANCE CO
FILING DATE: 01-21-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| ABC CORP | BDF | Unknown,Attorney | AOR |
| BOUFFARD,CHERYL ADMINISTRA | PLF | Mahoney,John R | AOR |
| CORONA USA CORP | BDF | Unknown,Attorney | AOR |
| CORONA CORP | BDF | Unknown,Attorney | AOR |
| JORDAN,SHARON ESTATE OF | PLF | Mahoney,John R | AOR |
| ST PAUL TRAVELERS INSURANCE CO | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|

BW 01-26-2005
AMENDED COMPLAINT FILED
BW 02-25-2005
AFFIDAVIT FILED
BW 03-07-2005
PETITION FILED
FOR REMOVAL
BW 03-07-2005
SUMMONS,PROOF OF SERVICE FILED
T. ANGELONE ESQ ACCEPTS SERVICE FOR CORONA CORP

True Copy Attest
C. R. Ch[illegible]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

3

COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHERYL BOUFFARD, as Administratrix of the Estate of Sharon Jordan | : | |
| v. | : | C.A. No. [redacted] 05 100 |
| ST. PAUL TRAVELERS COMPANIES, INC.; CORONA U.S.A. CORP.; CORONA CORPORATION and ABC CORPORATION, Alias | : | |

SUPERIOR COURT
FILED

## *PETITION FOR REMOVAL*

1. Your Petitioner, ***Corona Corporation***, is a corporation with a principal place of business located in the Country of Japan, and has sufficient minimum contacts with the State of Rhode Island.

2. Plaintiff, ***Cheryl Bouffard, as Administratrix of the Estate of Sharon Jordan***, is the sister of the late Sharon Jordan.

3. This is an action of a civil nature involving a controversy between a citizen and a corporation located in different countries commenced in the Superior Court for the County of Washington, State of Rhode Island *(C.A. No. WC05-0046)*.

4. The controversy between said parties exceeds the sum of Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5. Petitioner was first served with a summon and complaint on January 24, 2005. A copy of said summons and complaint are attached hereto as Exhibits A and B.

6. Except for said summons and complaint, no other pleadings or orders have been served upon your Petitioner.

**WHEREFORE,** your Petitioner prays:

a. That this case shall, upon compliance with Section 1446 respecting notice

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

and the filing of a copy of this Petition with the Clerk of the Superior Court, for the County of Washington in the State of Rhode Island, stand removed to this Court;

b. That said State Court shall proceed no further in this cause unless the same is remanded; and

c. That this Court shall make such orders with respect to pleading, process and copies of records in said State Court as it may deem appropriate.

**CORONA CORPORATION**
By its Attorneys,

Thomas C. Angelone, Esq. #1373
**HODOSH, SPINELLA & ANGELONE PC**
One Turks Head Place, Suite 1050
Providence, Rhode Island 02903
(401) 274-0200
*Fax* (401) 274-7538

Dated: February 28, 2005

I, Thomas C. Angelone, Esq., attorney for Defendant, ***Corona Corporation***, being duly sworn upon oath, do hereby verily believe the facts stated in the within Petition to be true.

Thomas C. Angelone, Esq.

STATE OF RHODE ISLAND
County of Providence

Subscribed and sworn to before me this 3rd day of March, 2005.

Notary Public
JODY V. HARRISON
Notary Public of Rhode Island #8482
My Commission Expires 6/27/05

Name of Notary Public
(Please Print)
My commission expires:

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

## *CERTIFICATE OF SERVICE*

I, Thomas C. Angelone, Esq., hereby certify that on the 3rd day of March, 2005, I served copies of the removal documents by mail of true copies to John R. Mahoney, Esq., Asquith & Mahoney, LLP, 155 South Main Street, 2nd Floor, Providence, RI 02903 and Anthony Caprio, Esq., Caprio & Caprio, One Center Place, Providence, RI 02903, attorneys for Plaintiff; and James A. Ruggieri, Esq., Higgins, Cavanagh & Cooney, 123 Dyer Street, Providence, RI 02903, attorney for Co-defendant.

Thomas C. Angelone, Esq.

STATE OF RHODE ISLAND

County of Providence

Subscribed and sworn to before me this 3rd day of March, 2005.

Notary Public

JODY V. HARRISON
Notary Public of Rhode Island
My Commission Expires

Name of Notary Public
(Please Print)
My commission expires:

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

**EXHIBIT A**

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [x] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 05-0046

CHERYL BOUFFARD, As Administratrix of the Estate of Sharon Jordan
**Plaintiff**

CORONA CORPORATION, ET ALS
**Defendant**

***Summons***

*To the above-named Defendant:* CORONA CORPORATION

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon John R. Mahoney, Esq. Plaintiff's attorney, whose address is 155 SOUTH MAIN STREET, 2nd FLOOR PROVIDENCE, RI an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: March 2, 2005

**(Seal of the Superior Court)**

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

.............................................,SC

## PROOF OF SERVICE

I hereby certify that on the ..........................day of ............................................ I served a copy of this summons and a copy of the complaint received therewith upon ..............................................................................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him personally.

By leaving a copy of the summons and complaint at his dwelling house, ..................................................................................................................................................................., with a person of suitable age and discretion then residing therein. (address)

By leaving a copy of the summons and complaint at his usual place of abode, ...................................................................................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ........................................................................................

Such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

I, THOMAS C. ANGELONE, ESQ., HEREBY ACCEPT SERVICE OF THIS SUMMONS AND COMPLAINT ON BEHALF OF MY CLIENT, [redacted] CORONA CORPORATION, ON THIS 2nd DAY OF MARCH, 2005.

Sheriff's Fees

Travel . . . . . . $ .....................

Service. . . . . . $ .....................

$ .....................

THOMAS C. ANGELONE, ESQ.

.........................................................

Deputy Sheriff

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

CIVIL ACTION

FILE NO. ......05-0046..........

SUMMONS

SUPERIOR COURT

Please serve: Agent of Service for
CORONA CORPORATION
THOMAS C. ANGELONE, ESQ.
ONE TURKS HEAD PLACE, SUITE 1050
PROVIDENCE, RI

CHERYL BOUFFARD, AS ADMINISTRATRIX OF THE ESTATE OF SHARON JORDAN

CORONA CORPORATION

JOHN E. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
ATTORNEY FOR PLAINTIFF
(401) 331-5353 - Telephone
(401) 331-7373 - Fax

Note: Returnable to Plaintiff's Attorney forwith after service. Proof of service to be filed within time during which the person served must respond.

EXHIBIT B

STATE OF RHODE ISLAND SUPERIOR COURT
WASHINGTON, SC.

CHERYL BOUFFARD, As
Administratrix of the Estate of
SHARON JORDAN

VS. C.A. NO.: 05-0046

ST. PAUL TRAVELERS COMPANIES, INC.,
CORONA U.S.A. CORP.,
CORONA CORPORATION and
ABC CORPORATION, ALIAS

# AMENDED COMPLAINT

1. The plaintiff, Cheryl Bouffard, is the sister of the late Sharon Jordan and is the lawfully appointed Administratrix of the Estate of Sharon Jordan. Cheryl Bouffard's appointment as Administratrix was made by and through the Narragansett Probate Court on April 12, 2002.

2. The St. Paul Travelers Companies, Inc. provides commercial property-casualty insurance, is headquartered in Saint Paul, Minnesota and is, at all times pertinent hereto, the liability insurance company for Ames Department Store, Inc. The St. Paul Travelers Companies, Inc. is a party defendant in this action by and through Rhode Island General Laws § 27-7-2.4, in that the insurance company's insured, Ames Department Stores, Inc., (hereinafter "Ames") had filed for Chapter 11 bankruptcy on August 20, 2001 in Southern District of New York.

3. Corona U.S.A. Corp. is a foreign corporation with a principal office located in the State of New Jersey. Corona U.S.A. Corp. has sufficient minimum contacts with the State of Rhode Island for this Honorable Court to exercise personal jurisdiction over it.

4. Corona Corporation is a publicly traded Japanese corporation that has sufficient contacts with the State of Rhode Island for this court to exercise personal jurisdiction over it. The United States and Japan are signatories to the Hague Service Convention.

True Copy Attest
[signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

5. ABC Corporatic , an alias corporation the plaintiff alleges has the sufficient contacts with the State of Rhode Island for this court to exercise personal jurisdiction over it.

## FACTS

6. On or about January 27, 2002 the plaintiff decedent, Sharon Jordan, was a resident of the Town of Narragansett, State of Rhode Island. On the aforementioned date, Ms. Jordan purchased at Ames located in Narragansett, Rhode Island, a Corona portable kerosene heater 23-DK.

7. The Corona portable kerosene heater 23-DK was sold to the plaintiff decedent by Ames. Defendant, St. Paul Travelers Insurance Company's insured Ames by and through an acquisition or merger in March of 2004 with Travelers Property Casualty Corp. Prior to the January 27, 2002 sale, Ames, the defendant insurance company's insured, filed bankruptcy proceedings on August 20, 2001..

8. The Corona portable kerosene heater 23-DK was distributed within the United States and, most particularly in the State of Rhode Island, by Corona U.S.A. Corporation with a principal place of business located at 2050 Center Avenue in Fort Lee, New Jersey.

9. The Corona portable kerosene heater 23-DK was manufactured by Corona Corporation, a Japanese Corporation, or ABC Corporation, Alias, who at all times made and distributed into the stream of commerce the aforesaid kerosene heater with intentions that said heater would be sold in, among other places, the State of Rhode Island.

10. On or about January 27, 2002 the plaintiff decedent operated the Corona portable kerosene heater 23-DK that she had purchased from Ames. The plaintiff decedent was at all times in the exercise of due care.

11. The engagement of the Corona portable kerosene heater 23-DK malfunctioned, causing a fire in the plaintiff decedent's leased apartment, causing her to sustain serious bodily injuries which ultimately and proximately lead to her death.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

12. The defendant, rona Corporation and/or ABC Corpor...on, Alias, manufactured, designed, assembled, tested and supplied the Corona portable kerosene heater 23-DK. Said defendant placed the kerosene heater 23-DK in the stream of commerce knowing that it would be sold in Rhode Island.

13. The defendant, Corona U.S.A. Corp., distributed the Corona portable kerosene heater 23-DK in Rhode Island.

14. The defendant insurance company's insured, Ames, sold and marketed the Corona portable kerosene heater 23-DK to the plaintiff decedent.

**COUNT I**

15. The plaintiff realleges and incorporates by reference paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. At the time of the incident described in this Complaint, the Corona portable kerosene heater 23-DK was in a defective condition in that the kerosene heater caused a fire to engage in the plaintiff decedent's apartment.

17. At the time of the incident described in this Complaint, the Corona portable kerosene heater was being used for the purpose for which it was intended and in a manner that was reasonably foreseen by the defendants.

18. At the time of the incident described in this Complaint, the Corona portable kerosene heater was defective and unreasonably dangerous for the following reasons: a.) the defendants did not reasonably apprise the plaintiff's decedent of the necessity, for safety purposes, of affixing to the heater, a heater base; b.) the defendants did not sell the kerosene heater with the heater base already attached to it; c.) the defendants did not sell, distribute and manufacture the heater in a manner that made it impossible to ignite said heater without the base already being affixed to it; d.) the defendants sold, distributed and manufactured the kerosene heater by

True Copy Attest
C. R. [signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

affixing to the base screws t were unreasonably tight and difficu. .o remove, thereby preventing the base from being attached to the rest of the unit.

19. It was reasonably foreseeable to the defendants that its failure to properly design, manufacture, test, assemble and failure to warn the plaintiff's decedent of unreasonably dangerous conditions inherent in the kerosene heater would subject the plaintiff decedent to a risk of harm.

20. As a direct and proximate result of the defective and unreasonably dangerous condition of the kerosene heater, the plaintiff decedent sustained injuries, incurred intense pain and suffering, incurred medical expenses and lost wages from the date of the January 27, 2002 fire until her death on March 7, 2002.

21. Pursuant to R.I.G.L. § 10-7-5 through § 10-7-7, the plaintiff seeks compensation for her decedent's lost wages, medical expenses and pain and suffering incurred from the date of the fire until the date of the plaintiff decedent's death.

22. Plaintiff also seeks compensation pursuant to R.I.G.L. § 10-7-2, wrongful death damages, due to the defendants' responsibility for their failure to properly design, manufacture, test and assemble the kerosene heater and said defendants' failure to properly warn the plaintiff decedent of reasonable risks of harm from operating the kerosene heater.

**COUNT II**

23. The plaintiff realleges and incorporates by reference paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. The defendants breached their warranty to the plaintiff decedent to design, manufacture, test and assemble the kerosene heater in a proper and workmanlike manner; breached its implied warranties of merchantability and fitness for use; and they breached any and all warranties, expressed or implied, by properly failing to design, assemble, test and

True Copy Attest
C. R. Ch[illegible]

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

manufacture the kerosene h er which resulted in injuries sustained the plaintiff decedent and her ultimate death on or about March 7, 2002.

25. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff decedent sustained severe personal injuries which ultimately and proximately resulted in her death on or about March 7, 2002.

26. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff decedent, before her death, experienced intense pain and suffering, incurred medical and hospital expenses and lost wages.

27. The plaintiff Administratrix on behalf of the plaintiff decedent's estate seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through § 10-7-7.

28. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff, in her capacity as Administratrix, seeks damages on behalf of the plaintiff decedent's beneficiaries for wrongful death damages pursuant to R.I.G.L. § 10-7-2.

**COUNT III**

29. The plaintiff realleges and incorporates by reference paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. The defendants breached their duty to the plaintiff decedent, Sharon Jordan, to exercise reasonable care and professional skill by negligently designing, manufacturing, assembling, testing and providing warnings with regard to the kerosene heater which proximately caused a fire to occur which resulted in serious personal injury to the plaintiff decedent and her eventual death.

31. The defendants knew or should have known that such design, manufacture, assembly, testing and warning with regard to the kerosene heater was negligent, inadequate, unsafe, dangerous and defective and that the proximate cause of the defendant's negligence was serious injury sustained by the plaintiff decedent in a fire and her eventual death.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

32. As a direct and ximate result of the negligence of the /endants, the plaintiff decedent, Sharon Jordan, was seriously injured and eventually died as a result of her injuries. After her injury and before her death she experienced intense pain and suffering, incurred medical expenses and lost wages. The plaintiff in her capacity as the Administratrix of the Estate of Sharon Jordan seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through § 10-7-7.

33. As a direct and proximate result of the negligence of the defendants, the plaintiff decedent, Sharon Jordan, eventually succumbed to her injuries and has sustained damages to which her beneficiaries are entitled pursuant to R.I.G.L. § 10-7-2.

**COUNT IV**

34. The plaintiff realleges and incorporates by reference paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. While the plaintiff decedent, Sharon Jordan, was using the kerosene heater and was in close proximity to it, the heater caused a fire which burned the plaintiff decedent, caused her to sustain serious injury and eventually die due to said injuries.

36. The aforementioned incident was not contributed to, in any manner, by a voluntary act of the plaintiff decedent.

37. The incident as described above, would not ordinarily have occurred except as a result of negligence in the design, manufacture, assembly, testing and/or failure to warn of the percolator of the kerosene heater.

38. As a direct and proximate result of the defective design, manufacture, assembly, testing and failure to warn with regard to the kerosene heater, the plaintiff decedent sustained severe injuries which caused her to experience intense pain and suffering, incur medical expenses and lose wages between the date of her injury and the date of her death. The plaintiff seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through R.I.G.L. § 10-7-7.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

39. As a direct and proximate result of the defective design, manufacture, assembly, testing and failure to warn with regard to the kerosene heater, the plaintiff decedent, Sharon Jordan, died of her injuries and her beneficiaries seek compensation for the plaintiff decedent's wrongful death pursuant to R.I.G.L. § 10-7-2.

WHEREFORE, the plaintiff demands judgment against all of the defendants, plus costs. The plaintiff asserts that the monetary sum sought herein confers subject matter jurisdiction upon this court.

CHERYL BOUFFARD, As
Administratrix of the Estate of
SHARON JORDAN,
BY HER ATTORNEYS,

John R. Mahoney

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

Anthony Caprio/dlm

ANTHONY CAPRIO, ESQ. - # 3149
CAPRIO & CAPRIO
ONE CENTER PLACE
PROVIDENCE, RI 02903
(401) 861-6200 – Telephone
(401) 751-2495 – Fax

THE PLAINTIFF REQUESTS A TRIAL BY JURY.

John R. Mahoney

Anthony Caprio/dlm

DATED: JANUARY 24, 2005

True Copy Attest
C. R. Chomp

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

David A. DiMarzio
Clerk of Court

# *UNITED STATES DISTRICT COURT*
## *District of Rhode Island*

Paulette Dube
Chief Deputy Clerk

[redacted] 05 100 T

Your case has been assigned number ____________________

It has been assigned to:

| | | |
|---|---|---|
| X | Chief Judge Torres | initial - T |
| ____ | Judge Lagueux | initial - L |
| ____ | Judge Lisi | initial - ML |
| ____ | Judge Smith | initial - S |

Please be advised that:

No pleadings will be accepted for filing in the Clerk's Office unless the above case number and the initial of the assigned Judge is typed on the pleading.

Plaintiff's counsel is ordered to notify all counsel of record of the full and complete case number and the Judge assignment.

All filings will require the attorney's Rhode Island BAR number on the document.

Thank you for your cooperation.

True Copy Attest
[signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [x] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 05-0046

CHERYL BOUFFARD, As Administratrix of the Estate of Sharon Jordan
**Plaintiff**

CORONA CORPORATION, ET ALS
**Defendant**

## ***Summons***

*To the above-named Defendant:* CORONA CORPORATION

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon John R. Mahoney, Esq. Plaintiff's attorney, whose address is 155 SOUTH MAIN STREET, 2nd FLOOR PROVIDENCE, RI an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: March 2, 2005

**(Seal of the Superior Court)**

True Copy Attest
[signature]
Offices of Clerk of Superior Court
of Washington
Rhode Island

05 MAR -7 PM 1:40
COURTLAND R. CHAPMAN, JR
FILED
SUPERIOR COURT

S- 135 (REV. 10/00)

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

CHERYL BOUFFARD, As Administratrix of the Estate of SHARON JORDAN

VS.

ST. PAUL TRAVELERS COMPANIES, INC.CORONA U.S.A. CORP., CORONA CORPORATION and ABC CORPORATION, ALIAS

C.A. NO.: 05-0046

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, C
05 FEB 25 PM 2:43

**AFFIDAVIT**

The undersigned make the following under oath:

1. In accordance with Rule 4 of the RI Rules of Civil Procedure, I mailed by First Class Certified Return Receipt requested the amended complaint, a summons and the attached letter to an officer in the foreign corporation:

   Chief Executive Officer & President
   Jay S. Fishman
   The St. Paul Travelers Companies

2. It was mailed to the following address:

   385 Washington Street
   #514A
   St. Paul, MN 55102-1396

3. This office received the Receipt of Service on or about February 4, 2005, a copy of which is attached hereto.

True Copy Attest
C. R. Chapman
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

4. The above is stated as true and accurate.

STATE OF RHODE ISLAND
COUNTY OF Providence

In Providence on this 22ND day of February 2005, before me personally appeared Denise Lombardo Myers to me known and known by me to be parties executing the foregoing instrument, and they acknowledge said instrument by them executed to be their free act and deed.

Elizabeth P. Santilli
Notary Public
My Commission Expires: 7/24/05

**CERTIFICATION**

I hereby certify that on this 22nd day of February 2005, I mailed a true and accurate copy of the within Affidavit to: Thomas C. Angelone, Esq., Hodosh Spinella & Angelone, One Turks Head Place, Suite 1050, Providence, Rhode Island 02903.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

CHERYL BOUFFARD, As
Administratrix of the Estate of
SHARON JORDAN

VS.

C.A. NO.: 05-0046

ST. PAUL TRAVELERS COMPANIES, INC.,
CORONA U.S.A. CORP.,
CORONA CORPORATION and
ABC CORPORATION, ALIAS

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR.
05 JAN 26 PM 1:38

**AMENDED COMPLAINT**

1. The plaintiff, Cheryl Bouffard, is the sister of the late Sharon Jordan and is the lawfully appointed Administratrix of the Estate of Sharon Jordan. Cheryl Bouffard's appointment as Administratrix was made by and through the Narragansett Probate Court on April 12, 2002.

2. The St. Paul Travelers Companies, Inc. provides commercial property-casualty insurance, is headquartered in Saint Paul, Minnesota and is, at all times pertinent hereto, the liability insurance company for Ames Department Store, Inc. The St. Paul Travelers Companies, Inc. is a party defendant in this action by and through Rhode Island General Laws § 27-7-2.4, in that the insurance company's insured, Ames Department Stores, Inc., (hereinafter "Ames") had filed for Chapter 11 bankruptcy on August 20, 2001 in Southern District of New York.

3. Corona U.S.A. Corp. is a foreign corporation with a principal office located in the State of New Jersey. Corona U.S.A. Corp. has sufficient minimum contacts with the State of Rhode Island for this Honorable Court to exercise personal jurisdiction over it.

4. Corona Corporation is a publicly traded Japanese corporation that has sufficient contacts with the State of Rhode Island for this court to exercise personal jurisdiction over it. The United States and Japan are signatories to the Hague Service Convention.

True Copy Attest
C. R. Chapman
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

5. ABC Corporation is an alias corporation the plaintiff alleges has the sufficient contacts with the State of Rhode Island for this court to exercise personal jurisdiction over it.

**FACTS**

6. On or about January 27, 2002 the plaintiff decedent, Sharon Jordan, was a resident of the Town of Narragansett, State of Rhode Island. On the aforementioned date, Ms. Jordan purchased at Ames located in Narragansett, Rhode Island, a Corona portable kerosene heater 23-DK.

7. The Corona portable kerosene heater 23-DK was sold to the plaintiff decedent by Ames. Defendant, St. Paul Travelers Insurance Company's insured Ames by and through an acquisition or merger in March of 2004 with Travelers Property Casualty Corp. Prior to the January 27, 2002 sale, Ames, the defendant insurance company's insured, filed bankruptcy proceedings on August 20, 2001..

8. The Corona portable kerosene heater 23-DK was distributed within the United States and, most particularly in the State of Rhode Island, by Corona U.S.A. Corporation with a principal place of business located at 2050 Center Avenue in Fort Lee, New Jersey.

9. The Corona portable kerosene heater 23-DK was manufactured by Corona Corporation, a Japanese Corporation, or ABC Corporation, Alias, who at all times made and distributed into the stream of commerce the aforesaid kerosene heater with intentions that said heater would be sold in, among other places, the State of Rhode Island.

10. On or about January 27, 2002 the plaintiff decedent operated the Corona portable kerosene heater 23-DK that she had purchased from Ames. The plaintiff decedent was at all times in the exercise of due care.

11. The engagement of the Corona portable kerosene heater 23-DK malfunctioned, causing a fire in the plaintiff decedent's leased apartment, causing her to sustain serious bodily injuries which ultimately and proximately lead to her death.

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

12. The defendant, Corona Corporation and/or ABC Corporation, Alias, manufactured, designed, assembled, tested and supplied the Corona portable kerosene heater 23-DK. Said defendant placed the kerosene heater 23-DK in the stream of commerce knowing that it would be sold in Rhode Island.

13. The defendant, Corona U.S.A. Corp., distributed the Corona portable kerosene heater 23-DK in Rhode Island.

14. The defendant insurance company's insured, Ames, sold and marketed the Corona portable kerosene heater 23-DK to the plaintiff decedent.

**COUNT I**

15. The plaintiff realleges and incorporates by reference paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. At the time of the incident described in this Complaint, the Corona portable kerosene heater 23-DK was in a defective condition in that the kerosene heater caused a fire to engage in the plaintiff decedent's apartment.

17. At the time of the incident described in this Complaint, the Corona portable kerosene heater was being used for the purpose for which it was intended and in a manner that was reasonably foreseen by the defendants.

18. At the time of the incident described in this Complaint, the Corona portable kerosene heater was defective and unreasonably dangerous for the following reasons: a.) the defendants did not reasonably apprise the plaintiff's decedent of the necessity, for safety purposes, of affixing to the heater, a heater base; b.) the defendants did not sell the kerosene heater with the heater base already attached to it; c.) the defendants did not sell, distribute and manufacture the heater in a manner that made it impossible to ignite said heater without the base already being affixed to it; d.) the defendants sold, distributed and manufactured the kerosene heater by

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

affixing to the base screws that were unreasonably tight and difficult to remove, thereby preventing the base from being attached to the rest of the unit.

19. It was reasonably foreseeable to the defendants that its failure to properly design, manufacture, test, assemble and failure to warn the plaintiff's decedent of unreasonably dangerous conditions inherent in the kerosene heater would subject the plaintiff decedent to a risk of harm.

20. As a direct and proximate result of the defective and unreasonably dangerous condition of the kerosene heater, the plaintiff decedent sustained injuries, incurred intense pain and suffering, incurred medical expenses and lost wages from the date of the January 27, 2002 fire until her death on March 7, 2002.

21. Pursuant to R.I.G.L. § 10-7-5 through § 10-7-7, the plaintiff seeks compensation for her decedent's lost wages, medical expenses and pain and suffering incurred from the date of the fire until the date of the plaintiff decedent's death.

22. Plaintiff also seeks compensation pursuant to R.I.G.L. § 10-7-2, wrongful death damages, due to the defendants' responsibility for their failure to properly design, manufacture, test and assemble the kerosene heater and said defendants' failure to properly warn the plaintiff decedent of reasonable risks of harm from operating the kerosene heater.

**COUNT II**

23. The plaintiff realleges and incorporates by reference paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. The defendants breached their warranty to the plaintiff decedent to design, manufacture, test and assemble the kerosene heater in a proper and workmanlike manner; breached its implied warranties of merchantability and fitness for use; and they breached any and all warranties, expressed or implied, by properly failing to design, assemble, test and

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

manufacture the kerosene heater which resulted in injuries sustained to the plaintiff decedent and her ultimate death on or about March 7, 2002.

25. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff decedent sustained severe personal injuries which ultimately and proximately resulted in her death on or about March 7, 2002.

26. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff decedent, before her death, experienced intense pain and suffering, incurred medical and hospital expenses and lost wages.

27. The plaintiff Administratrix on behalf of the plaintiff decedent's estate seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through § 10-7-7.

28. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff, in her capacity as Administratrix, seeks damages on behalf of the plaintiff decedent's beneficiaries for wrongful death damages pursuant to R.I.G.L. § 10-7-2.

**COUNT III**

29. The plaintiff realleges and incorporates by reference paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. The defendants breached their duty to the plaintiff decedent, Sharon Jordan, to exercise reasonable care and professional skill by negligently designing, manufacturing, assembling, testing and providing warnings with regard to the kerosene heater which proximately caused a fire to occur which resulted in serious personal injury to the plaintiff decedent and her eventual death.

31. The defendants knew or should have known that such design, manufacture, assembly, testing and warning with regard to the kerosene heater was negligent, inadequate, unsafe, dangerous and defective and that the proximate cause of the defendant's negligence was serious injury sustained by the plaintiff decedent in a fire and her eventual death.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

32. As a direct and proximate result of the negligence of the defendants, the plaintiff decedent, Sharon Jordan, was seriously injured and eventually died as a result of her injuries. After her injury and before her death she experienced intense pain and suffering, incurred medical expenses and lost wages. The plaintiff in her capacity as the Administratrix of the Estate of Sharon Jordan seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through § 10-7-7.

33. As a direct and proximate result of the negligence of the defendants, the plaintiff decedent, Sharon Jordan, eventually succumbed to her injuries and has sustained damages to which her beneficiaries are entitled pursuant to R.I.G.L. § 10-7-2.

**COUNT IV**

34. The plaintiff realleges and incorporates by reference paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. While the plaintiff decedent, Sharon Jordan, was using the kerosene heater and was in close proximity to it, the heater caused a fire which burned the plaintiff decedent, caused her to sustain serious injury and eventually die due to said injuries.

36. The aforementioned incident was not contributed to, in any manner, by a voluntary act of the plaintiff decedent.

37. The incident as described above, would not ordinarily have occurred except as a result of negligence in the design, manufacture, assembly, testing and/or failure to warn of the percolator of the kerosene heater.

38. As a direct and proximate result of the defective design, manufacture, assembly, testing and failure to warn with regard to the kerosene heater, the plaintiff decedent sustained severe injuries which caused her to experience intense pain and suffering, incur medical expenses and lose wages between the date of her injury and the date of her death. The plaintiff seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through R.I.G.L. § 10-7-7.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

39. As a direct and further result of the defective design, manufacture, assembly, testing and failure to warn with regard to the kerosene heater, the plaintiff decedent, Sharon Jordan, died of her injuries and her beneficiaries seek compensation for the plaintiff decedent's wrongful death pursuant to R.I.G.L. § 10-7-2.

WHEREFORE, the plaintiff demands judgment against all of the defendants, plus costs. The plaintiff asserts that the monetary sum sought herein confers subject matter jurisdiction upon this court.

CHERYL BOUFFARD, As
Administratrix of the Estate of
SHARON JORDAN,
BY HER ATTORNEYS,

John R. Mahoney

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

Anthony Caprio / dlm

ANTHONY CAPRIO, ESQ. - # 3149
CAPRIO & CAPRIO
ONE CENTER PLACE
PROVIDENCE, RI 02903
(401) 861-6200 – Telephone
(401) 751-2495 – Fax

THE PLAINTIFF REQUESTS A TRIAL BY JURY.

John R. Mahoney

Anthony Caprio / dlm

DATED: JANUARY 24, 2005

True Copy Attest

C. R. Chaf

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

STATE OF RHODE ISLAND SUPERIOR COURT
WASHINGTON, SC.

CHERYL BOUFFARD, As
Administratrix of the Estate of
SHARON JORDAN

VS. C.A. NO.: 05- 46

ST. PAUL TRAVELERS INSURANCE
COMPANY, CORONA U.S.A. CORP.,
CORONA CORPORATION and
ABC CORPORATION, ALIAS

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR.
05 JAN 21 AM 8:54

**COMPLAINT**

1. The plaintiff, Cheryl Bouffard, is the sister of the late Sharon Jordan and is the lawfully appointed Administratrix of the Estate of Sharon Jordan. Cheryl Bouffard's appointment as Administratrix was made by and through the Narragansett Probate Court on April 12, 2002.

2. St. Paul Travelers Insurance Company is a liability insurance company licensed to do business in the State of Rhode Island and was, at all times pertinent hereto, the liability insurance company for Ames Department Store, Inc. St. Paul Travelers Insurance Company is a party defendant in this action by and through Rhode Island General Laws § 27-7-2.4, in that the insurance company's insured, Ames Department Store, Inc., has filed for bankruptcy subsequent to the events pertinent hereto.

3. Corona U.S.A. Corp. is an out of state corporation with a principal office located in the State of New Jersey. Corona U.S.A. Corp. has sufficient minimum contacts with the State of Rhode Island for this Honorable Court to exercise personal jurisdiction over it.

4. Corona Corporation is a publicly traded Japanese corporation that has sufficient contacts with the State of Rhode Island for this court to exercise personal jurisdiction over it. The United States and Japan are signatories to the Hague Service Convention.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

5. ABC Corporation is an alias corporation the plaintiff alleges has the sufficient contacts with the State of Rhode Island for this court to exercise personal jurisdiction over it.

## FACTS

6. On or about January 27, 2002 the plaintiff decedent, Sharon Jordan, was a resident of the Town of Narragansett, State of Rhode Island. On the aforementioned date, Ms. Jordan purchased at the Ames Department Store located in Narragansett, Rhode Island, a Corona portable kerosene heater 23-DK.

7. The Corona portable kerosene heater 23-DK was sold to the plaintiff decedent by the defendant, St. Paul Travelers Insurance Company's insured, Ames Department Store. Subsequent to the January 27, 2002 sale, Ames Department Store, the defendant insurance company's insured, filed bankruptcy proceedings.

8. The Corona portable kerosene heater 23-DK was distributed within the United States and, most particularly in the State of Rhode Island, by Corona U.S.A. Corporation with a principal place of business located at 2050 Center Avenue in Fort Lee, New Jersey.

9. The Corona portable kerosene heater 23-DK was manufactured by Corona Corporation, a Japanese Corporation, or ABC Corporation, Alias, who at all times made and distributed into the stream of commerce the aforesaid kerosene heater with intentions that said heater would be sold in, among other places, the State of Rhode Island.

10. On or about January 27, 2002 the plaintiff decedent operated the Corona portable kerosene heater 23-DK that she had purchased from the Ames Department Store. The plaintiff decedent was at all times in the exercise of due care.

11. The engagement of the Corona portable kerosene heater 23-DK malfunctioned, causing a fire in the plaintiff decedent's leased apartment, causing her to sustain serious bodily injuries which ultimately and proximately lead to her death.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

12. The defendant, Corona Corporation and/or ABC Corporation, Alias, manufactured, designed, assembled, tested and supplied the Corona portable kerosene heater 23-DK. Said defendant placed the kerosene heater 23-DK in the stream of commerce knowing that it would be sold in Rhode Island.

13. The defendant, Corona U.S.A. Corp., distributed the Corona portable kerosene heater 23-DK in Rhode Island.

14. The defendant insurance company's insured, Ames Department Store, sold the Corona portable kerosene heater 23-DK to the plaintiff decedent.

**COUNT I**

15. The plaintiff realleges and incorporates by reference paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. At the time of the incident described in this Complaint, the Corona portable kerosene heater 23-DK was in a defective condition in that the kerosene heater caused a fire to engage in the plaintiff decedent's apartment.

17. At the time of the incident described in this Complaint, the Corona portable kerosene heater was being used for the purpose for which it was intended and in a manner that was reasonably foreseen by the defendants.

18. At the time of the incident described in this Complaint, the Corona portable kerosene heater was defective and unreasonably dangerous for the following reasons: a.) the defendants did not reasonably apprise the plaintiff's decedent of the necessity, for safety purposes, of affixing to the heater, a heater base; b.) the defendants did not sell the kerosene heater with the heater base already attached to it; c.) the defendants did not sell, distribute and manufacture the heater in a manner that made it impossible to ignite said heater without the base already being affixed to it; d.) the defendants sold, distributed and manufactured the kerosene heater by

True Copy Attest
C. R. [signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

affixing to the base screws that were unreasonably tight and difficult to remove, thereby preventing the base from being attached to the rest of the unit.

19. It was reasonably foreseeable to the defendants that its failure to properly design, manufacture, test, assemble and failure to warn the plaintiff's decedent of unreasonably dangerous conditions inherent in the kerosene heater would subject the plaintiff decedent to a risk of harm.

20. As a direct and proximate result of the defective and unreasonably dangerous condition of the kerosene heater, the plaintiff decedent sustained injuries, incurred intense pain and suffering, incurred medical expenses and lost wages from the date of the January 27, 2002 fire until her death on March 7, 2002.

21. Pursuant to R.I.G.L. § 10-7-5 through § 10-7-7, the plaintiff seeks compensation for her decedent's lost wages, medical expenses and pain and suffering incurred from the date of the fire until the date of the plaintiff decedent's death.

22. Plaintiff also seeks compensation pursuant to R.I.G.L. § 10-7-2, wrongful death damages, due to the defendants' responsibility for their failure to properly design, manufacture, test and assemble the kerosene heater and said defendants' failure to properly warn the plaintiff decedent of reasonable risks of harm from operating the kerosene heater.

**COUNT II**

23. The plaintiff realleges and incorporates by reference paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. The defendants breached their warranty to the plaintiff decedent to design, manufacture, test and assemble the kerosene heater in a proper and workmanlike manner; breached its implied warranties of merchantability and fitness for use; and they breached any and all warranties, expressed or implied, by properly failing to design, assemble, test and

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

manufacture the kerosene heater which resulted in injuries sustained to the plaintiff decedent and her ultimate death on or about March 7, 2002.

25. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff decedent sustained severe personal injuries which ultimately and proximately resulted in her death on or about March 7, 2002.

26. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff decedent, before her death, experienced intense pain and suffering, incurred medical and hospital expenses and lost wages.

27. The plaintiff Administratrix on behalf of the plaintiff decedent's estate seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through § 10-7-7.

28. As a direct and proximate result of said breach of warranties pertaining to the kerosene heater, the plaintiff, in her capacity as Administratrix, seeks damages on behalf of the plaintiff decedent's beneficiaries for wrongful death damages pursuant to R.I.G.L. § 10-7-2.

**COUNT III**

29. The plaintiff realleges and incorporates by reference paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. The defendants breached their duty to the plaintiff decedent, Sharon Jordan, to exercise reasonable care and professional skill by negligently designing, manufacturing, assembling, testing and providing warnings with regard to the kerosene heater which proximately caused a fire to occur which resulted in serious personal injury to the plaintiff decedent and her eventual death.

31. The defendants knew or should have known that such design, manufacture, assembly, testing and warning with regard to the kerosene heater was negligent, inadequate, unsafe, dangerous and defective and that the proximate cause of the defendant's negligence was serious injury sustained by the plaintiff decedent in a fire and her eventual death.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

32. As a direct and proximate result of the negligence of the defendants, the plaintiff decedent, Sharon Jordan, was seriously injured and eventually died as a result of her injuries. After her injury and before her death she experienced intense pain and suffering, incurred medical expenses and lost wages. The plaintiff in her capacity as the Administratrix of the Estate of Sharon Jordan seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through § 10-7-7.

33. As a direct and proximate result of the negligence of the defendants, the plaintiff decedent, Sharon Jordan, eventually succumbed to her injuries and has sustained damages to which her beneficiaries are entitled pursuant to R.I.G.L. § 10-7-2.

**COUNT IV**

34. The plaintiff realleges and incorporates by reference paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. While the plaintiff decedent, Sharon Jordan, was using the kerosene heater and was in close proximity to it, the heater caused a fire which burned the plaintiff decedent, caused her to sustain serious injury and eventually die due to said injuries.

36. The aforementioned incident was not contributed to, in any manner, by a voluntary act of the plaintiff decedent.

37. The incident as described above, would not ordinarily have occurred except as a result of negligence in the design, manufacture, assembly, testing and/or failure to warn of the percolator of the kerosene heater.

38. As a direct and proximate result of the defective design, manufacture, assembly, testing and failure to warn with regard to the kerosene heater, the plaintiff decedent sustained severe injuries which caused her to experience intense pain and suffering, incur medical expenses and lose wages between the date of her injury and the date of her death. The plaintiff seeks compensation for these damages pursuant to R.I.G.L. § 10-7-5 through R.I.G.L. § 10-7-7.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

39. As a direct and further result of the defective design, manufacture, assembly, testing and failure to warn with regard to the kerosene heater, the plaintiff decedent, Sharon Jordan, died of her injuries and her beneficiaries seek compensation for the plaintiff decedent's wrongful death pursuant to R.I.G.L. § 10-7-2.

WHEREFORE, the plaintiff demands judgment against all of the defendants, plus costs. The plaintiff asserts that the monetary sum sought herein confers subject matter jurisdiction upon this court.

CHERYL BOUFFARD, As
Administratrix of the Estate of
SHARON JORDAN,
BY HER ATTORNEYS,

JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

ANTHONY CAPRIO, ESQ. - # 3149
CAPRIO & CAPRIO
ONE CENTER PLACE
PROVIDENCE, RI 02903
(401) 861-6200 – Telephone
(401) 751-2495 – Fax

THE PLAINTIFF REQUESTS A TRIAL BY JURY.

DATED: JANUARY 19, 2005

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

STATE OF RHODE ISLAND
SUPERIOR COURT

CIVIL
CASE COVER SHEET

Case # (Filled in by Clerk's Office)
WC 05- 46

This form must be filed with each original document that commences a civil proceeding in the Clerk's Office (R.P.3.10). If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| CHERYL BOUFFARD, As Administratrix of the Estate of SHARON JORDAN | ST. PAUL TRAVELERS INSURANCE COMPANY, CORONA U.S.A. CORP., CORONA CORPORATION and ABC CORPORATION, Alias |

SUPERIOR COURT FILED
05 JAN 21 AM 8:54
COURTNEY R. CHAPMAN JR.

NATURE OF PROCEEDING — Check the applicable case type under the main categories listed below. (Check One Only)

District Court Appeal ☐ yes (Check type below)

CIVIL ACTIONS

- ☐ AGA Agency appeal
- ☐ ALA Alienation of affection
- ☐ ANT Anti-trust
- ☐ ASB Assault and battery
- ☐ BKA Book account
- ☐ CLA Common law assignment
- ☐ CLL Common law lien
- ☐ CON Contract
- ☐ CNV Conversion
- ☐ CRC Criminal conversation
- ☐ CIC Criminal inj compensation
- ☐ DOJ Debt on judgment
- ☐ DTP Deceptive trade practice
- ☐ DEJ Declaratory judgment
- ☐ DPC Denial of probate claim
- ☐ EXT Excessive tax
- ☐ INR Injunctive relief
- ☐ IPL Interpleader
- ☐ LIB Libel/slander
- ☐ MLE Malpractice/legal
- ☐ MME Malpractice/medical
- ☐ MOT Malpractice/other
- ☐ WOM Mandamus, writ of
- ☐ PRT Partition
- ☐ PER Personal injury
- ☐ IDV Personal inj/property dam-vehicle
- ☐ PIV Personal injury-vehicle
- ☐ PRL Product liability
- ☐ PRN Promissory note
- ☐ PDM Property damage
- ☐ PDV Property damage-vehicle
- ☐ RLP Real property
- ☐ RIC Reinstate charter
- ☐ DIN Recovery of damages/insurance
- ☐ ROF Recovery of funds
- ☐ WOR Replevin, writ of
- ☐ SPP Specific performance
- ☐ TCO Title clearing (other than tax title)
- ☐ TAE Trespass and ejectment
- ☐ TRA Trustee/accounting
- ☐ TCT Trustee/appt convey title
- ☐ UNM Uninsured motorist
- ☒ WRD Wrongful death

☐ Other than above (specify type):

MISCELLANEOUS PETITIONS

- ☐ ARA Arbitration award
- ☐ CAR Arbitration/confirm
- ☐ RTA Arbitration/referral
- ☐ VAR Arbitration/vacate
- ☐ AOD Assessment of damages
- ☐ CNO Condemnation
- ☐ CFC Confirm compromise
- ☐ DOC Dissolution of corp.
- ☐ EDP End partnership
- ☐ FRR Forclosure of right of redemption
- ☐ TLF Foreclosure-tax lien
- ☐ FOC Forfeiture of charter
- ☐ GJI Grand Jury Investigation
- ☐ HAC Habeas corpus
- ☐ MAW Material witness
- ☐ MEL Mechanics lien
- ☐ OSW Out of state witness
- ☐ PFS Perform surgery
- ☐ PFC Petition for constable
- ☐ PTE Petition to expunge
- ☐ PFI Petition for immunity
- ☐ PIN Pet for inventory (wire tap)
- ☐ PFR Petition for review
- ☐ PTD Pet to take deposition
- ☐ PCR Post conviction relief
- ☐ REC Receivership
- ☐ R5A Rule 5A petition
- ☐ TCL Title clearing (tax title)
- ☐ AOT Trustee/appointment of
- ☐ DOT Trustee/declination of
- ☐ AOS Trustee/successor

☐ Other than above (specify type):

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ yes ☐ no If yes: ☒ jury or ☐ non-jury

(attorney name) JOHN R. MAHONEY, ESQ. - #1940
~~ANTHONY CAPRIO, ESQ. - #3149~~

☐ pro se

(date) 1/19-05

True Copy Attest
C. R. Ch[signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

S-223 6 85