UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHERYL BOUFFARD, as Administratrix of the Estate of Sharon Jordan | : | |
| v. | : | C.A. No. 05-100 T |
| ST. PAUL TRAVELERS COMPANIES, INC.; CORONA U.S.A. CORP.; CORONA CORPORATION and ABC CORPORATION, Alias | : | |

**DEFENDANT'S, CORONA CORPORATION, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes Defendant, ***Corona Corporation***, and hereby answers Plaintiff's, ***Cheryl Bouffard, as Administratrix of the Estate of Sharon Jordan***, Amended Complaint as follows:

1. Defendant admits the allegations set forth in Paragraph 1 of Plaintiff's Amended Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiff's Amended Complaint, and therefore denies same.

3. Defendant denies the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint.

6

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Amended Complaint, and therefore denies same.

## FACTS

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint, and therefore denies same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Amended Complaint, and therefore denies same.

8. Defendant denies the allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's Amended Complaint, and therefore denies same.

11. Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant admits the allegations set forth in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint, and therefore denies same.

**COUNT I**

15. Defendant hereby restates its responses to Paragraphs 1 through 14 of Plaintiff's Amended Complaint as if fully set forth herein.

16. Defendant denies the allegations set forth in Paragraph 16, Count I, of Plaintiff's Amended Complaint.

17. Defendant denies the allegations set forth in Paragraph 17, Count I, of Plaintiff's Amended Complaint.

18. Defendant denies the allegations set forth in Paragraph 18, Count I, of Plaintiff's Amended Complaint.

19. Defendant denies the allegations set forth in Paragraph 19, Count I, of Plaintiff's Amended Complaint.

20. Defendant denies the allegations set forth in Paragraph 20, Count I, of Plaintiff's Amended Complaint.

21. Defendant denies the allegations set forth in Paragraph 21, Count I, of Plaintiff's Amended Complaint.

22. Defendant denies the allegations set forth in Paragraph 22, Count I, of Plaintiff's Amended Complaint.

**COUNT II**

23. Defendant hereby restates its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as if fully set forth herein.

24. Defendant denies the allegations set forth in Paragraph 24, Count II, of Plaintiff's Amended Complaint.

25. Defendant denies the allegations set forth in Paragraph 25, Count II, of Plaintiff's Amended Complaint.

26. Defendant denies the allegations set forth in Paragraph 26, Count II, of Plaintiff's Amended Complaint.

27. Defendant denies the allegations set forth in Paragraph 27, Count II, of Plaintiff's Amended Complaint.

28. Defendant denies the allegations set forth in Paragraph 28, Count II, of Plaintiff's Amended Complaint.

**COUNT III**

29. Defendant hereby restates its responses to Paragraphs 1 through 28 of Plaintiff's Amended Complaint as if fully set forth herein.

30. Defendant denies the allegations set forth in Paragraph 30, Count III, of Plaintiff's Amended Complaint.

31. Defendant denies the allegations set forth in Paragraph 31, Count III, of Plaintiff's Amended Complaint.

32. Defendant denies the allegations set forth in Paragraph 32, Count III, of Plaintiff's Amended Complaint.

33. Defendant denies the allegations set forth in Paragraph 33, Count III, of Plaintiff's Amended Complaint.

**COUNT IV**

34. Defendant hereby restates its responses to Paragraphs 1 through 33 of Plaintiff's Amended Complaint as if fully set forth herein.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, Count IV, of Plaintiff's Amended Complaint, and therefore denies same.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, Count IV, of Plaintiff's Amended Complaint, and therefore denies same.

37. Defendant denies the allegations set forth in Paragraph 37, Count IV, of Plaintiff's Amended Complaint.

38. Defendant denies the allegations set forth in Paragraph 38, Count IV, of Plaintiff's Amended Complaint.

39. Defendant denies the allegations set forth in Paragraph 39, Count IV, of Plaintiff's Amended Complaint.

**WHEREFORE,** Defendant, ***Corona Corporation***, demands judgment against Plaintiff for costs.

**FIRST AFFIRMATIVE DEFENSE**

If Plaintiff was injured and/or damaged as alleged, the same was due to her own lack of reasonable and due care.

## SECOND AFFIRMATIVE DEFENSE

Any damages which Plaintiff sustained, which is specifically denied, were a result of the negligence of a party or parties over whom this Defendant had no control.

## THIRD AFFIRMATIVE DEFENSE

This Defendant says that Plaintiff assumed the risk that she might be injured as alleged, and, therefore, is barred from recovery for the alleged injury and damage.

## FOURTH AFFIRMATIVE DEFENSE

This Defendant denies that it is strictly liable in tort and states that if Plaintiff had any contact whatsoever with this Defendant's product, said products were properly and reasonably fit for use at the time they left Defendant's hands and any injuries incurred by Plaintiff could not have been proximately caused by the products manufactured or sold by this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

If any products or materials of this Defendant were involved in any manner as alleged in the Amended Complaint, then such product was misused or improperly used by Plaintiff and/or others and was substantially modified in a manner neither known to or foreseeable by this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

The alleged injuries to Plaintiff were caused by acts or omissions of parties other than this Defendant, if they were caused at all, and over which this Defendant has no control.

**SEVENTH AFFIRMATIVE DEFENSE**

If any products or materials of this Defendant were involved in any manner as alleged in the Amended Complaint, then such product was misused or improperly used by Plaintiff and/or others and was substantially modified in a manner neither known to or foreseeable by this Defendant all in violation of *General Laws of Rhode Island*, §9-1-32, **Effect of Alteration of Product After Sale.**

**EIGHTH AFFIRMATIVE DEFENSE**

As to any claim of breach of warranty, Plaintiff failed to give notice of any breach of such warranty.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because she or her representatives spoliated or allowed the spoliation of evidence.

**CORONA CORPORATION**

By its Attorneys,

Thomas C. Angelone, Esq. #1373
**HODOSH, SPINELLA & ANGELONE PC**
One Turks Head Place, Suite 1050
Providence, Rhode Island 02903
(401) 274-0200
*Fax* (401) 274-7538

Dated: March 23, 2005

Defendant, ***Corona Corporation***, hereby claims a trial by jury.

Thomas C. Angelone, Esq.

***CERTIFICATION***

I hereby certify that on this 23rd day of March, 2005, I caused a copy of the within ***Answer to Amended Complaint*** to be mailed by first class mail, postage prepaid to the following attorney(s) of record:

John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street, 2nd Floor
Providence, RI 02903

Anthony Caprio, Esq.
Caprio & Caprio
One Center Place
Providence, RI 02903

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903

Mary V. Carlon

/mvc