UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHERYL BOUFFARD, As Administratrix of the Estate of SHARON JORDAN | : | |
| VS. | : | C.A. NO.: 05-100 T |
| ST. PAUL TRAVELERS COMPANIES, INC., CORONA U.S.A. CORP., CORONA CORPORATION and ABC CORPORATION, ALIAS | : | |

**ANSWER OF ST. PAUL TRAVELERS COMPANIES, INC.**
**TO PLAINTIFF'S AMENDED COMPLAINT**

1. Denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one.

2. The St. Paul Travelers Companies, Inc. ("St. Paul Travelers") admits that The Travelers Indemnity Company of Illinois issued a self-insured excess commercial general liability policy bearing policy number TG-EXGL-281D1277-TIL-01 on November 15, 2001 to Ames Department Stores, Inc. and denies the remaining allegations set forth in the first sentence of paragraph two of the Complaint. The remainder of the allegations set forth in paragraph two of the Complaint call for a legal conclusion and do not require a response. To the extent that a response is deemed necessary, these allegations are denied.

3-5. Denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs three through five.

**FACTS**

6. Denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six.

7. St. Paul Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph seven of the Complaint and therefore denies same. St. Paul Travelers denies the allegations set forth in the second sentence of paragraph seven of the Complaint and is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence of paragraph seven of the Complaint and therefore denies same.



9

8-9. Denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs eight and nine.

10. St. Paul Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the complaint and therefore denies same.

11. Denied.

12-14. St. Paul Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12 through 14 and therefore denies same.

**COUNT I**

15. St. Paul Travelers realleges and incorporates by reference its responses to paragraphs 1 through 14 of the Complaint as if set forth fully herein.

16-20. Denied.

21-22. The allegations set forth in paragraphs 21 and 22 of the Complaint call for a legal conclusion and do not require a response. To the extent that a response is deemed necessary, the allegations are denied.

**COUNT II**

23. St. Paul Travelers realleges and incorporates by reference its responses to paragraphs 1 through 22 of the Complaint as if set forth fully herein.

24-26. Denied.

27-28. The allegations set forth in paragraphs 27 and 28 call for a legal conclusion and do not require a response. To the extent that a response is deemed necessary, the allegations are denied.

**COUNT III**

29. St. Paul Travelers realleges and incorporates by reference its responses to paragraphs 1 through 28 of the Complaint as if set forth fully herein.

30-33. Denied.

**COUNT IV**

34. St. Paul Travelers realleges and incorporates by reference its responses to paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35-39. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all times, this defendant and/or its insured acted reasonably and with due care toward plaintiff and was not negligent.

**THIRD AFFIRMATIVE DEFENSE**

Any damages which plaintiff sustained resulted solely from her own negligence.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are completely barred or diminished pursuant to the doctrine of comparative negligence.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims regarding breach of warranty are barred by reason of lack of privity.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages resulted from the superseding and intervening acts or the fault of other parties over whom this defendant and/or its insured had no control and for whose actions this defendant is not liable.

**SEVENTH AFFIRMATIVE DEFENSE**

Any damages which plaintiff may have sustained resulted from plaintiff's assumption of risk arising from and attendant to the use of products allegedly sold by this defendant's insured.

**EIGHTH AFFIRMATIVE DEFENSE**

Any products which this defendant and/or its insured allegedly supplied were substantially changed after leaving its control.

**NINTH AFFIRMATIVE DEFENSE**

Any injuries which plaintiff may have sustained resulted from the unauthorized, unintended and improper use or misuse of the product alleged.

**TENTH AFFIRMATIVE DEFENSE**

This defendant denies that there existed any warranties, express or implied, to the plaintiff in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Neither this defendant nor its insured breached any warranties, express or implied.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff was not in privity with this defendant and/or its insured, and plaintiff may not recover upon any alleged breach of any alleged warranty, express or implied.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to provide any notice to this defendant or its insured of any alleged defect in any product which its insured allegedly sold.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred by the applicable statutes of limitation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff did not reasonably and justifiably rely on any alleged representations or warranties, express or implied.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred by the doctrines of estoppel, laches and/or waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff's action fails for lack and insufficiency of service of process.

## EIGHTEENTH AFFIRMATIVE DEFENSE

St. Paul Travelers' liability, if any, is limited by the insurance contract provisions pertaining to the limits of liability, self-insured retentions, other applicable insurance, deductibles and any other provisions which limit St. Paul Travelers' liability.

## NINETEENTH AFFIRMATIVE DEFENSE

St. Paul Travelers' policy is a self-insured excess commercial general liability policy which contains a retained limit in the amount of $500,000. Under no circumstances will any coverage afforded under the St. Paul Travelers' policy act as a replacement for the retained limit. St. Paul Travelers is not liable to any greater extent than it would have been liable had the insured or the insured's estate not become bankrupt or insolvent.

## TWENTIETH AFFIRMATIVE DEFENSE

St. Paul Travelers further asserts any and all applicable defenses under the St. Paul Travelers' policy alleged to have been in effect at the time of the alleged loss.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Coverage under the St. Paul Travelers' policy is barred to the extend that any insured has failed to perform its obligations and comply with the terms, conditions and provisions of the insurance contract.

## DEFENDANT HEREBY DEMANDS TRIAL BY JURY.

Respectfully Submitted,
ST. PAUL TRAVELERS COMPANIES, INC.
By Its Attorneys,

James A. Ruggieri, Esq. #2828
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500

**CERTIFICATION**

I hereby certify that on the 25th day of March, 2005, a true copy of the within was mailed to:

Anthony Caprio, Esq.
CAPRIO & CAPRIO
One Center Place
Providence, RI 02903

and hand delivered to:

John R. Mahoney, Esq.
ASQUITH & MAHONEY, LLP
155 South Main Street, 2nd Floor
Providence, RI 02903

Thomas Angelone, Esq.
HODOSH, SPINELLA & ANGELONE
One Turks Head Place, Suite 1050
Providence, RI 02903