# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **CHERYL BOUFFARD** | ) | |
| **Plaintiff** | ) | |
| **vs** | ) | **CA 05-CV-100T** |
| **ST. PAUL TRAVELERS COMPANIES, INC. ET AL** | ) | |
| **Defendant (s)** | ) | |

## ORDER

## REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION

The parties in this case have indicated their agreement to pursue alternative dispute resolution under the framework of the Court's Alternative Dispute Resolution Plan. The Court finds that this case is appropriate for referral to ADR. Mediation in this matter is scheduled fro December 1, 2005 at 10:00 AM in room 111 of the Pastore Building (United States District Court Annex).

**IT IS HEREBY ORDERED THAT:**

1. Mediation proceedings be conducted in accordance with procedures outlined in the Court's ADR Plan as amended and such addition requirements as the mediator shall require.

2. Berry B. Mitchell is appointed mediator in this case. The mediator shall serve without compensation.

3. Counsel for the parties shall submit to the mediator a Mediation Brief that conforms to the content outlined in suggested briefing guidelines set forth at the ADR link on the court's website at: www.rid.uscourts.gov.

4. Mediation briefs shall be submitted not less than five (5) days in advance of the scheduled mediation.

5. Mediation Briefs shall not be exchanged with opposing counsel but are to be sent directly to the mediator.

6. Mediation proceedings in this matter shall be deemed confidential. Rule 408 of the Federal Rules of Evidence shall apply to information, statements and evidence generated in the course of the mediation and shall make inadmissible evidence of conduct or statements made unless otherwise discoverable. Moreover, all memoranda and other work products, including but not limited to, files, reports, interviews, case summaries and notes, prepared by the appointed neutral assigned to the case, shall not be subject to disclosure in any subsequent civil proceeding involving any of the parties participating in the ADR option, nor shall the mediator be compelled to disclose in any subsequent civil proceeding any communication made to him or her in the course of, or relating to the subject matter of any case referred to ADR and in which a party or other persons took part in ADR proceedings before the assigned neutral. The mediator shall not communicate any confidential information, nor discuss ADR proceedings with any judicial officer, employees of the court, or other third party, other than to report the status of ADR proceedings.

7. All parties, counsel of record, and corporate representatives or claims professionals having full authority to bind and settle this case, shall attend the mediation."Settlement Authority" means the individual with control of the full financial settlement resources involved in the case, including insurance and the full financial authority and ability to agree to a binding settlement agreement

8. Parties and their counsel shall participate in the mediation in good faith.

**SO ORDERED** this the ___Day of ______________________, 2005.

Ernest C. Torres

**ERNEST C. TORRES, CHIEF JUDGE**
United States District Court Judge

9/1/05